22 F.3d 1105
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Larry A. CARTER, Charles Forbush, Agnes Cowan, Charles
Hager, and Nell Witt, Appellants,
v.
Henry CISNEROS, Secretary of Housing and Urban Development, Appellee.
 No. 93-1285.
 United States Court of Appeals, Federal Circuit.
 March 25, 1994.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 On January 31, 1994, this court directed Larry A. Carter et al. and the Secretary of Housing and Urban Development to respond to the issue of the court's jurisdiction over this appeal. Carter responds one day out of time. The Secretary responds by filing a motion, in excess of the 10-page limit, to waive Fed.Cir.R. 27(e) and to dismiss. Carter submits an opposition to the motion to dismiss one day out of time.[1]
 
 
 2
 On February 5, 1993, the Department of Housing and Urban Development Board of Contract Appeals issued a determination debarring Carter "from further participation in primary and lower-tier covered transactions, as either participants or principals at HUD and throughout the Executive Branch of the Federal Government, including participating in any capacity in the public housing and section 8 programs, and from participating in procurement contracts with HUD" for a three-year period. On March 29, 1993, Carter, "[o]ut of an abundance of caution," filed appeals of the February 5, 1993 decision with this court and the United States Court of Appeals for the Sixth Circuit, and filed an action in the United States District Court for the Eastern District of Tennessee.[2]
 
 
 3
 Carter asserts that this court has jurisdiction pursuant to 28 U.S.C. Sec. 1295(a)(10) and that courts should have "a liberal view of jurisdiction in administrative cases." The Secretary argues that this court's review of a final decision of an agency board is limited to decisions made pursuant to the Contract Disputes Act (CDA) and that the February 5, 1993 decision does not fall under the CDA. The Secretary argues that the district court is the proper forum for Carter's action.
 
 
 4
 Section 1295(a)(10) provides this court with exclusive jurisdiction "of an appeal from a final decision of an agency board of contract appeals pursuant to section 8(g)(1) of the Contract Disputes Act of 1978 (41 U.S.C. Sec. 607(g)(1))." The CDA applies to:
 
 
 5
 any express or implied contract ... entered into by an executive agency for--
 
 
 6
 (1) the procurement of property, other than real property in being;
 
 
 7
 (2) the procurement of services;
 
 
 8
 (3) the procurement of construction, alteration, repair or maintenance of real property; or
 
 
 9
 (4) the disposal of personal property.
 
 
 10
 41 U.S.C. Sec. 602. The Board decision does not fall under the CDA because the proceeding did not involve a contract with the government. Rather, the proceeding focused on the propriety of HUD's imposition of Limited Denials of Participation (LDP) on Carter. The allegations supporting the LDP's focused on the use of housing authority funds to pay legal expenses for the defense of prior LDP's imposed on Carter, the Executive Director of the Bristol Tennessee Housing Authority (BTHA), and the Board of Commissioners of the BTHA.
 
 
 11
 Carter's brief response on the jurisdictional issue does not contain any argument explaining how the Board's decision falls under the CDA. Further, Carter's terse statement regarding jurisdiction under the Administrative Procedures Act is not on point. Even assuming arguendo that the APA provided a separate right to review, such review would not be before this court. Indeed, Carter is pursuing an action before a district court concerning this matter. In sum, Carter has failed to persuade us that jurisdiction is proper in this court.
 
 
 12
 Accordingly,
 
 IT IS ORDERED THAT:
 
 13
 (1) The Secretary's motion to waive Fed.Cir.R. 27(e) is denied as unnecessary because no briefs were filed before the motion to dismiss was filed.
 
 
 14
 (2) The Secretary's motion to dismiss is granted.
 
 
 15
 (3) Each side shall bear its own costs.
 
 
 
 [1]
 We reluctantly accept the late and overlong submissions of Carter and the Secretary
 
 
 [2]
 On December 8, 1993, the Sixth Circuit granted Carter's motion to voluntarily dismiss the appeal. Carter's case in the district court is on the active docket